IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| COYOTE LOGISTICS, LLC, | ) | |
| | ) | |
| *Plaintiff*, | ) | No. 16 C 11155 |
| v. | ) | |
| | ) | Hon. Virginia M. Kendall |
| CONCORD SERVICES, INC., | ) | |
| | ) | |
| *Defendant*. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Coyote Logistics, LLC ("Coyote"), on its own behalf and as subrogee of Prime Metals Recovery, Inc. ("Prime"), filed suit against Defendant Concord Services, Inc. ("Concord") pursuant to 28 U.S.C. §§ 1331, 1337, and the Carmack Amendment, 49 U.S.C. § 14706, in order to recover $93,849.39, which is the value of freight material that Concord failed to deliver under a shipping agreement between Coyote and Concord. Coyote seeks summary judgment arguing there is no genuine dispute of material facts, to which Concord failed to respond. (Dkt. Nos. 20; 20-1.) For the following reasons, the Motion for Summary Judgment is granted. [20.]

## BACKGROUND

The following facts are undisputed and accepted as true based upon review of the Coyote's Rule 56.1 Statement of Uncontested Material Facts as well as upon Concord's failure to respond or file its own motion for summary judgment with a supporting statement of facts.

Coyote, a licensed property broker by the United States Department of Transportation Federal Motor Carrier Safety Administration ("FMCSA"), is an Illinois-based company that arranges for the transportation of freight by for-hire carriers in

1

interstate or foreign commerce. (Dkt. Nos. 1, ¶1; 20-1, ¶ 1.) Prime is a company that contracted with Coyote for the transportation of approximately 44,000 pounds of metal loaded into boxes and placed on pallets to go from Orangeburg, South Carolina to Pine Hall, North Carolina. (Dkt. No. 20-2, Ex. 1.) Concord is a North Carolina company registered by the FMCSA as a for-hire carrier of property in interstate commerce. (Dkt. No. 20-1, ¶¶ 2-3.)

On July 19, 2016, Coyote contracted with Concord to transport 41,045 pounds of copper chops[1] belonging to Prime, valued at $93,849.39, from Orangeburg, South Carolina to Pine Hall, North Carolina. (*Id*. at ¶ 5; Dkt. No. 20-2, ¶ 12; Ex. 2.) Concord hired Ernesto Acosta, an independent owner-operator of a tractor-trailer, to complete the delivery. (Dkt. No. 20-5, at 2.) Acosta took control of the shipment on July 19, 2016, and signed a Bill of Lading acknowledging that the shipment was in good condition and consisted of 41,045 pounds of copper chops. (Dkt. No. 20-1, ¶ 6; Dkt. No. 20-5, at 2.) While in transit the truck carrying the shipment suffered mechanical issues, forcing Acosta to stop for repairs in Charlotte, North Carolina. The truck was separated from the trailer while in repairs over night and (Dkt. No. 20-2, Ex. 6.) the next morning Acosta discovered the trailer had been stolen. (*Id*.; Dkt. No. 20-5, at 3.)

Prime submitted a claim for loss and damage to Coyote on July 21, 2016, requesting $93,849.39. (Dkt. No. 20-2, Ex. 6.) In order to make its client whole, Coyote paid Prime $93,849.39 in exchange for the assignment of all of its right, title, and interest to the subject shipment. (Dkt. No. 20-1, ¶11; Dkt. No. 20-2, ¶ 12; Dkt. No. 20-2, Ex. 3.) This amount also represents the value of the copper chops to be delivered in accordance with the agreements between Coyote and Prime, and between Coyote and Concord. (Dkt.

---

[1] As defined in Coyote's Rule 56.1 statement, a copper chop is a small copper pellet.

No. 20-1, ¶ 10.) The assignment also released Coyote from further liability as a result of the lost shipment. (Dkt. No. 20-2, Ex. 3.) Concord has since continuously denied Coyote's demands to pay for the full actual loss "on account of the damage to the subject shipment."[2] (*Id*. ¶ 12.) As a result of failure to pay for the lost shipment, Coyote filed this Complaint pursuant to the Carmack Amendment, 49 U.S.C. § 14706, seeking to recover the full value of the shipment from Concord. *See* (Dkt. No. 1).

## **LEGAL STANDARD**

Summary judgment is proper where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In evaluating a motion for summary judgment, the Court must construe all evidence and make all reasonable inferences in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). The Court's primary function is not to "evaluate the weight of the evidence or to determine the truth of the matter," but to determine whether there is a genuine issue of triable fact. *Outlaw v. Newkirk*, 259 F.3d 833, 837 (7th Cir. 2001). "A factual dispute is 'genuine' only if a reasonable jury could find for either party." *Nichols v. Mich. City Plant Planning Dep't*, 755 F.3d 594, 599 (7th Cir. 2014) (internal quotation marks and citation omitted). The party moving for summary judgment bears the initial burden of production to show that no genuine issue of material fact exists. *Outlaw*, 259 F.3d at 837 (citing *Logan v. Commercial Union Ins. Co.*, 96 F.3d 971, 978 (7th Cir. 1996)). The burden may be discharged by showing "an absence of evidence to support the nonmoving party's case." *Id*. (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). Upon such a showing, the nonmoving party must set

---

[2] The "damage" being that the shipment never made it to Pine Hall, North Carolina as per the agreement between Coyote and Prime.

forth specific facts showing a genuine issue for trial. *Id*. (citing Fed. R. Civ. P. 56(e)). However, a movant's facts that go uncontested by the non-moving party are accepted as true by the district court. *Meadows v. Rockford Housing Authority*, 861 F. 3d 672, 673 n.1 (7th Cir. 2017). In sum, the facts must demonstrate that the genuine issue is material and not simply a factual disagreement between the parties; otherwise the movant is entitled to summary judgment as a matter of law. *Id*. 259 F.3d at 837 (quoting *Logan*, 96 F.3d at 978). The "nonmovant fails to demonstrate a genuine issue for trial 'where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.'" *Id*. (citations omitted).

## **DISCUSSION**

The purpose of the Carmack Amendment is to create a "nationally uniform rule of carrier liability concerning interstate shipments." *REI Transport, Inc. v. C.H. Robinson Worldwide, Inc.*, 519 F.3d 693, 697 (7th Cir. 2008). The statute governs "liability of a common carrier to a shipper for loss of, or damage to, interstate shipment." *North American Van Lines, Inc. v. Pinkerton Security Systems, Inc.*, 89 F.3d 452, 455 (7th Cir. 1996). To establish a prima facie Carmack claim "a plaintiff must show (1) delivery [to a carrier] in good condition; (2) arrival [of the goods] in damaged condition; and (3) the amount of damages." *REI Transp., Inc. v. C.H. Robinson Worldwide, Inc.*, 519 F.3d 693, 699 (7th Cir. 2008) (quoting *Am. Nat'l Fire Ins. Co. v. Yellow Freight Sys.*, 325 F.3d 924, 929 (7th Cir. 2003)). The need to show the arrival in damaged condition includes liability "for the full actual loss" to property transported. *North American Van Lines, Inc.*, 89 F.3d at 455; *see also Hughes v. United Van Lines, Inc.*, 829 F.2d 1407, 1413-14 (7th Cir. 1987) (explaining amendments to Carmack by the First Cummins Amendment

discussing liability for both loss and damage of goods shipped in interstate commerce) (superseded by statute on other grounds). If the plaintiff establishes the prima facie case, the burden shifts to the defendant "to show both that it was free from negligence and that the damage to the cargo was due to one of the excepted causes relieving the carrier of liability." *REI Transp., Inc.*, 519 F.3d at 699. Those excepted causes include "acts of God, the public enemy, the act of the shipper himself, public authority, or the inherent vice or nature of the goods." *Am. Nat'l Fire Ins. Co.*, 325 F.3d at 930 (internal citations omitted).

Coyote establishes a prima facie Carmack claim. The first element – delivery of the shipment to the carrier in good condition - is clearly met as both parties admit that the shipment was in good order and condition and no goods were missing when Concord received it. Furthermore, both parties admit that the shipment did not arrive because it was stolen in transit, therefore satisfying the second element. Finally, Coyote asserted that the value of the shipment, and therefore the amount of damages Coyote sustained, is $93,849.39, and Concord does not dispute this. In support of these submissions, Coyote presented evidence in its Rule 56.1 Statement of Uncontested Material Facts that bolster a Carmack Amendment violation: (1) there was a Bill of Lading signed by Concord's driver admitting receipt of the copper chops in good condition and an affidavit from Prime's shipping supervisor showing that the shipment arrived in good condition; (2) the claim, filed by Prime, for presentation of loss and damage for the shipment that details loss of the trailer containing the copper chops, and undisputed admissions by Concord that the shipment was not delivered; and (3) Prime's loss and damage claim, the

assignment of loss between Coyote and Prime, and Coyote's subsequent payment to Prime all verify the shipment's value.

Concord does not dispute any of the facts submitted by Coyote in its Rule 56.1 Statement of Uncontested Material Facts. Concord also did not file any cross-motion for summary judgment. Concord further does not contest any of the facts supporting the required elements for a prima facie case under the Carmack Amendment, nor does it submit any arguments or facts in its support upon the burden shift to prove that it was not negligent or that an exception to the application of the Carmack Amendment applies in this case. *See REI Transp., Inc.*, 519 F.3d at 699. Based on all of these facts and applying them to the law, there exists no genuine material fact dispute warranting denial of summary judgment.

## CONCLUSION

Because Coyote's Motion for Summary Judgment and associated Statement of Uncontested Material Facts establish a prima facie violation of the Carmack Amendment by Concord, the Motion for Summary Judgment is granted. [20.] Concord, in violation of the Carmack Amendment, is liable as the carrier to Coyote for the loss of a shipment of goods in interstate commerce, and is required to pay damages in the amount of $93,849.39.

_____
Hon. Virginia M. Kendall
United States District Judge

Date: March 25, 2018